UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DERIC NELSON,

                Petitioner,

  -against-                               **MEMORANDUM AND ORDER**
                                                     14-CV-603 (KAM)
CHARLES J. HYNES, Acting District Attorney's
Office of County of Kings; DORA B. SCHRIRO,
Commissioner of Corrections Department of New
York City; and WARDEN, Robert N. Davoren
Complex,

                Respondents.
-----------------------------------------------------------------x
MATSUMOTO, United States District Judge.

        On January 28, 2014, *pro se* petitioner Deric Nelson, who was at the time detained at the Robert N. Davoren Complex on Rikers Island, filed a new petition for a writ of habeas corpus "pursuant to the provisions of 28 U.S.C. § 2241 and § 2244." (ECF No. 1, Petition for Writ of Habeas Corpus dated 12/29/13 and filed 1/28/14 ("Pet.") at 1.) He paid the $5 filing fee. For the reasons set forth below, the petition is dismissed without prejudice.

## BACKGROUND

        At the time he filed the instant petition, petitioner was in pre-trial detention on a pending criminal case in the State of New York, Kings County, under indictment and docket number 00046-2010, charging him with offering a false instrument for filing in the first degree, grand larceny in the first degree, and falsifying business records in the first degree. Petitioner previously filed two prior petitions challenging his pre-trial detention on the same indictment in *Nelson v. Hynes, et al.*, No. 12-CV-4913-KAM, and *Nelson v. Hynes*, No. 13-CV-3447-KAM. He has also filed two civil actions naming his former attorneys in that pending criminal proceeding, *Nelson v. Brown*, 13-CV-3446-KAM, and *Nelson v. Stella*, 13-CV-6812-KAM. The

history of his arrest and pending prosecution was summarized in this court's January 17, 2013 Order in No. 12-CV-4913-KAM. *See Nelson v. Hynes, et al.*, No. 12-CV-4913, 2013 WL 182793, at *1 (E.D.N.Y. Jan. 17, 2013). The court construed the two prior petitions as being brought pursuant to 28 U.S.C. § 2241, and dismissed them both for failure to exhaust state court remedies. *Id.*; *Nelson v. Hynes*, No. 13-CV-3447, 2013 WL 5502901 (E.D.N.Y. Oct. 2, 2013). The two civil actions against his former attorneys remain pending in this court.

The instant petition appears to renew petitioner's challenge to his custody and pending prosecution in the 00046-2010 indictment. Petitioner alleges that he "has been detained for a total of 136 days," having been most recently remanded on December 18, 2013. (Pet. at 1.) He also "seeks a fair hearing to redress the case docket in questions based upon the merits and in the best interest of justice being served seeing that his good name is cleared of the allegations against him." (Pet. at 1.) Petitioner states that he "brings this action on the grounds of the violation of his rights afforded to him by New York State Constitution Articles 1 § 11, and 12, in conjunction with United States Constitution Bill Of Rights 1st, 4th, 5th, 8th, 9th and 14th Amendments, Title 42 Section 1981, 1983, and 1985." (Pet. ¶ 28.)

Petitioner alleges that the state criminal prosecution and procedures are part of a conspiracy to seize real estate interests owned by petitioner. (Pet. ¶¶ 7-13, 17-21, 36, 46-48, 51.) "[T]he petitioner assumes that acting Judge John Walsh, acting District Attorney Charles J. Hynes and Bernard Shafran et al conspired together to seize the Real Estate interest of the petitioner using racial discrimination and religious diversity by way of their class of citizenship." (Pet. ¶ 17.) He further alleges that "respondents have violated his right not [to] be forced into contracts with parties who may have a different religious belief." (Pet. ¶ 52.) "The respondents

2

have used race and religious diversity to hold the petitioner in servitude to the County of Kings Supreme Court in regards to their failing to hold pre-trial conferences that will prove beyond a reason of a doubt his innocence and further has used class of citizenship to bar the petitioner from asserting his claims and counterclaims against his accusers using his status being merely a Black male in order to bar his contracts from having legal standing." (Pet. ¶ 53.)

Petitioner alleges that he was denied certain preliminary hearings in his pending criminal case, including *Huntley* and *Mapp/Dunaway* hearings and a hearing pursuant to New York's speedy trial statute, New York Criminal Procedure Law § 30.30. (Pet. ¶¶ 30-32, 49.) He asserts that his right to face his accuser has been violated and that he has been "threatened to proceed at points with a trial void of a jury of his peers." (Pet. ¶¶ 32-33, 55.) He alleges that he was ordered to undergo competency examinations pursuant to New York Criminal Procedure Law § 730.[1] (Pet. ¶¶ 23-24, 33-34.) He further alleges that Judge Joel M. Goldberg ordered his detention during the holiday season in order to pressure him to "capitulate to charges that he did not commit nor authorize." (Pet. ¶ 27.)

The petition includes multiple references to the pending civil actions that petitioner filed in this Court against his former attorneys, Damien Brown and John B. Stella, in *Nelson v. Brown*, 13-CV-3446-KAM, and *Nelson v. Stella*, 13-CV-6812-KAM. (Pet. ¶¶ 6, 26, 34, 38, 65, 74.) He alleges that his attorneys "displayed negligence in having his open case file

---

[1] Petitioner asserts that he must be found competent, because, as a former member of the New York Police Department, "if he was ever found incompetent then surely various former arrestees could then assert that they were falsely accused and then convicted as a result of his negligence." (Pet. ¶ 63.)

be asserted to reflect his innocence." (Pet. ¶ 29.) Petitioner alleges that subsequent procedures were conducted in his criminal case in retaliation for filing these civil actions. (Pet. ¶¶ 75-77.)

Petitioner also asserts that he "is under threat of injury being placed in a Correctional Center were [*sic*] he has had previous arrestees placed while being a former NYPD officer," and, in the same sentence, that he "is at further risk of being found incompetent by his accusers . . . in order that they may bar the prosecution of his former attorneys for their negligent acts while assigned as his representation." (Pet. ¶ 59.)

The petition also mentions petitioner's mother, Margo Nelson, and alleges that she suffered physical injury and property damage when the New York City Police Department forced entry to her home in order to detain petitioner on March 5, 2012. (Pet. ¶¶ 68, 86.) Margo Nelson is not named as a plaintiff in any of the actions or petitions Deric Nelson filed in this court. Petitioner attaches to his petition a May 22, 2012 "Notice of Claim" captioned for the Supreme Court of the State of New York, County of New York demanding damages in the amount of $5 million on behalf of Margo Nelson. (ECF No. 1, Ex. F, ECF pp. 19-20.)

Petitioner cites the gate-keeping provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the limitations period and the exhaustion requirement. (Pet. ¶¶ 79-82.) He asserts that he "has exhausted his state remedies in having the People of the State of New York dismiss the charges against him and or have the acting District Attorney move the court into the Federal jurisdiction to answer interrogatories that he has agreed have been raised by way of his silence being acceptance and the lack thereof totally of any controversy before the court." (Pet. ¶ 81.) He acknowledges that he has not been convicted or sentenced, but

4

nonetheless requests habeas relief "in order to have the acting District Attorney redress the nature and cause of the action against him." (Pet. ¶ 83.)

The petition "demands that the respondents provide answers to the interrogatories of this petition within seventy-two (72) hours." (Pet. ¶ 57.) An undated document attached to the petition requests a "Bill of particular and demand to produce" records and exhibits in the criminal case "within 72 hours from the receipt of demand." (ECF No. 1, Ex. F, ECF p. 22.) Petitioner also "demands that his body is produced before the court immediately and that he relies further on the sound mind of his natural mother Margo Nelson to initiate any action on his behalf that may assist in his full restoration of his good name." (Pet. ¶ 60.) He does not seek any other relief.

## DISCUSSION

### I. Habeas Petition

As in petitioner's prior petitions, the nature of his claims and desired relief is unclear. To the extent that petitioner wishes to challenge his custody status pursuant to 28 U.S.C. § 2241, he must first exhaust the remedies available through state court procedures. As this court previously explained, petitioner must "present[] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and inform[] that court (and lower courts) about both the factual and legal bases for the federal claim." *Nelson*, 2013 WL 182793, at *4 (quoting *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001)) (internal quotation marks omitted). A petitioner who has not exhausted available state court remedies may only seek a writ of habeas corpus if: "(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of

5

federal law ... or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson v. Sposato*, No. 11–CV–191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). In the two prior petitions, the court found that petitioner had failed to fully exhaust the procedures available in state court and dismissed them without prejudice. *Nelson*, 2013 WL 182793; *Nelson*, 2013 WL 5502901.

In the instant petition, petitioner asserts that he has exhausted his state remedies, because the State did not dismiss the criminal charges against him and "the lack thereof totally of any controversy before the court." (Pet. ¶ 81.) However, he has not presented the federal constitutional claims to the highest state court, and he still has an open avenue for doing so through the pending criminal prosecution and the possibility of subsequent appellate review. He has also failed to establish any cause for his failure to exhaust his state court remedies or any prejudice resulting from the alleged violation of his federal constitutional rights. Accordingly, this petition, too, is dismissed without prejudice.

**II.    Section 1983 Claim**

In liberally construing the petition from a *pro se* litigant, the court has also considered whether petitioner's claims could be maintained as a civil rights action pursuant to 42 U.S.C. § 1983. *See Thompson v. Choinski*, 525 F.3d 205, 209-10 (2d Cir. 2008). Petitioner's most recent petition alleges unspecified racial and religious discrimination and other alleged violations of his constitutional rights under 42 U.S.C. §§ 1981, 1983 and 1985.

To the extent that the petition seeks the termination of prosecution and dismissal of the indictment or interference in the competency evaluations, these claims are precluded by

*Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir. 1995), *cert*. *denied*, 516 U.S. 1012 (1995). Here, the criminal case against Nelson is still pending, New York has an important state interest in enforcing its criminal laws, and Nelson is free to raise his constitutional claims in the pending criminal proceedings. Moreover, petitioner fails to show any extraordinary circumstance justifying federal intervention in the pending state court criminal prosecution. Accordingly, to the extent that petitioner seeks to enjoin his criminal prosecution in state court, all of these claims arising from his pending criminal case are dismissed pursuant to *Younger*.

Finally, petitioner makes oblique references to two other potential civil rights claims, his concern for his own safety in custody and the alleged injuries his mother suffered at the time of his arrest on March 5, 2012. Neither of these claims is properly before the court. Petitioner suggests that his status as a former NYPD officer could place him at risk in the general population at the correctional center or, alternatively, impact the findings in his competency evaluation. These potential concerns are too speculative to state a claim for a civil rights violation. Petitioner has not asserted any specific threat or suggested that he is in imminent

7

danger, nor has he requested any relief.  To the extent that his mother, Margo Nelson, has grounds for a civil rights lawsuit, she must file on her own behalf in the appropriate court.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice.  As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully requested to enter judgment, serve a copy of this Memorandum and Order on petitioner, and note service on the docket.

Dated: Brooklyn, New York
       February 19,  2014

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York